[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISQUALIFY
In this matter plaintiff moves that defendants counsel be disqualified because of their prior representation of the plaintiff in violation of Rule 1.9 of the Rules of Professional Conduct.
The facts leading to the filing of this motion by plaintiff are as follows:
Lloyd Frauenglass and Deborah Eisenberg have been associated as partners in the practice of law in Glastonbury, Connecticut for more than six years. A short time prior to December 7, 2001 plaintiff, at the suggestion of her therapist, telephoned Attorney Eisenberg to arrange for an appointment to see her. The purpose of her call was to discuss a possible divorce from defendant. An appointment was made for December 7, 2001 on which date Attorney Eisenberg conferred with plaintiff. There is conflicting testimony concerning the length of the consultation with plaintiff estimating it to be between forty-five minutes and one hour while Attorney Eisenberg's notes state it to have been four tenths of an hour or twenty-four minutes. Whatever the length, plaintiff stated that she told counsel she was having difficulty getting her husband to attend counseling sessions with her and that Attorney Eisenberg suggested that she could write a letter to defendant warning him that unless he cooperated in counseling a divorce would ensue. While Attorney Eisenberg's recollection of the interview was less vivid than that of plaintiff she testified that this advice was similar to that given other clients in similar circumstances. Other recollections of plaintiff concerning this appointment were that she mentioned that defendant's daughter from a previous marriage was living with the family, that financial issues had been discussed and that "she gave legal advice." In this vein Attorney Eisenberg stated that "I recall I made my own arguments concerning stepchildren. My notes contain mostly remarks plaintiff made about her husband. There was nothing in this that would CT Page 14494 give the defendant an edge in this divorce case." Plaintiff testified that she later decided not to have the letter written to her husband and that there were no further communications between her and Attorney Eisenberg. Attorney Eisenberg, in concluding her testimony stated that plaintiff was not billed for her consultation since "the firm doesn't charge for an initial consultation unless we are later retained."
More than seven months later plaintiff retained Jill E. Ciancolo of the Rothenberg Law Offices in Wethersfield, Connecticut to represent her in a dissolution action against her husband. Defendant was served with process on July 21, 2002 and on September 6, 2002 Lloyd Frauenglass, associate of Deborah Eisenberg, filed his appearance on behalf of the defendant in this matter. Plaintiff's motion to disqualify defendant's counsel followed on September 18, 2002.
The thrust of plaintiff's motion is that the prior attorney client relationship between her and Attorney Eisenberg together with the present relationship between Lloyd Frauenglass and her husband constitute a conflict of interest in violation of Rule 1.9 of the Rules of Professional Conduct.
Rule 1.9 Conflict of Interest: Former Client states:
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (1) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (2) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
Before determining whether there has been a violation of rule 1.9 the court will first address several preliminary issues relating to this rule.
First, the court must determine whether Rule 1.9 applies where a plaintiff has conferred with different members of the same law firm. The short answer is yes. Rule 1.10 Disqualification General Rule (a) states as follows: "While lawyers are associated in a firm, none of them shall CT Page 14495 knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2."
Second, this court must ascertain whether the conversation between plaintiff and Attorney Eisenberg constituted representation, whether an attorney client relationship was thus formed. Black's Law DictionaryAbridged Fifth Edition defines a client as "a person who employs or retains an attorney as counselor, to appear for him in court, advise, assist and defend him in legal proceedings, and to act for him in any legal business. It should include one who disclosed confidential matters to attorney while seeking professional aid, whether attorney was employed or not." This court concludes that on the evidence plaintiff falls within the definition of a client who was represented by Attorney Eisenberg.
Third, following the dictates of Rule 1.9 the court must determine whether the matter Attorney Eisenberg discussed with plaintiff is the same or substantially similar to that when defendant and Attorney Frauenglass conferred. The evidence is overwhelming that the same issue was the subject of both conferences. The topic was identical — the domestic problems of plaintiff and defendant. Defendant's counsel urges that at this point a second finding must be made i.e. was the information given by plaintiff to Attorney Eisenberg harmful to her if known by her opponent. Here again the answer is short — yes. "Once a substantial relationship between the prior and the present relationship is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed." Bergeron v.Mackler, 125 Conn. 391, 399 (1993).
Having found that the thoughts and words of the parties were within the purview of Rule 1.9, this court now addresses the major question — should defendant's attorney be disqualified from representing him in this matter. "The competing interests at stake in the motion to disqualify, therefore are: (1) the (plaintiff's) interest in protecting confidential information; (2) the (defendant's) interest in freely selecting counsel of (his) choice and (3) the public's interest in the scrupulous administration of justice." Bergeron v. Mackler, p. 398, supra.
In weighing the interest of plaintiff in maintaining the confidentiality of her conversations with Attorney Eisenberg as opposed to that of defendant in choosing counsel of his choice, our Appellate Court has ruled that.
"The interest of a party in freely selecting counsel has outweighed the expectations of a former client as to the scope of the attorney-client relationship unless "the relationship between the issues in the prior and CT Page 14496 present cases is `patently clear' or the issues are identical or `essentially the same.'" Knights of Columbus Federal Credit Union v.Salisbury, 3 Conn. App. 201, 205 (1985).
In the matter at bar this court has previously concluded that the issues in the matter in which the plaintiff and Attorney Eisenberg were involved were more than essentially the same as those which concerned the defendant and Attorney Frauenglass — they were identical. It follows that plaintiff's interest in maintaining the confidentiality of her conversation with Attorney Eisenberg outweighs the defendant's interest in selecting counsel of his choice.
This court concludes that Attorney Frauenglass's continued representation of the defendant in this action would violate Rule 1.9(a) of the Rules of Professional Conduct. Plaintiff's motion is accordingly granted.
BY THE COURT
___________________ John D. Brennan Judge Trial Referee CT Page 14497